IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH,<br><br>  Plaintiff,<br><br>  v.<br><br>CANYON ROCK COMPANY, INC., et al.,<br><br>  Defendants. | No. C 04-04670 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 7, 2006:

The Court **tentatively DENIES** the motion for good faith settlement filed by Defendant Canyon Rock Company, Inc., to which Plaintiff Northern California River Watch filed a statement of non-opposition. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have fifteen minutes to address the following questions:

(1) Generally, a person who is not a party to an action may not be bound by a judgment in personam in that action. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Here, the parties seek to have the Court enter an order which would bar "[a]ny claims for contribution against Canyon Rock by third parties regarding matters addressed in this settlement." In *United States v. Western Processing Co., Inc.*, 756 F. Supp. 1424, 1433 (W.D. Wash. 1990), the case to which the parties cite as support for this provision, the court dismissed all claims for contribution by "any remaining defendant." The court did not bar contribution claims by non-parties. *Id*. What authority supports the parties' proposal to bind persons or entities who are not a party to this litigation?

(2) Plaintiff filed this action against both Canyon Rock Company, Inc. and River Ready Mix, Inc., but the proposed settlement only includes Canyon Rock Company, Inc. Has River Ready Mix, Inc. ever been served? If so, is either Canyon Rock Company, Inc. or Northern California River Watch aware of River Ready Mix, Inc.'s position with respect to the proposed settlement?

(3) Do the parties have anything further to add?

Dated: April 5, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE